IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:02-CR-004 |
| v. | : | Judge Holschuh |
| RYAN E. LEE, | : | |
| Defendant. | : | |
| | : | |

**OPINION**

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court issued a two-part majority opinion.  In the first part, authored by Justice Stevens, the Court held that because the United States Sentencing Guidelines permit a judge to enhance a defendant's sentence based on facts not admitted by the defendant or found by a jury beyond a reasonable doubt, the guidelines violate the Sixth Amendment.  In the second part of the opinion, authored by Justice Breyer, the Court found that this constitutional violation should be remedied by striking the portion of the Sentencing Reform Act that rendered the guidelines mandatory.  While a district court judge must still consider the sentencing guidelines, they are now advisory rather than mandatory.  The Court must consider them along with the other factors set forth in 18 U.S.C. § 3553(a).

Before the Booker decision was issued, Defendant filed a sentencing memorandum addressing issues raised by the earlier Supreme Court opinion in Blakely v. Washington.  That memorandum is now moot in light of the Booker decision.  On March 21, 2005, in response to this Court's Order setting this case for a sentencing hearing, Defendant filed another sentencing memorandum addressing the issues raised by Booker.  The government has filed a response.

Defendant argues that the first part of the decision in Booker – holding that the Sixth Amendment is violated when a judge enhances a sentence based on facts not admitted by the defendant or found by the jury beyond a reasonable doubt – must be retroactively applied to his benefit. However, he argues that the second part of the decision in Booker, which rendered the guidelines advisory rather than mandatory, cannot be retroactively applied to his detriment. Defendant contends that by making the guidelines advisory rather than mandatory, the Supreme Court effectively increased the potential punishment. According to Defendant, the maximum sentence that could be imposed pre-Booker was normally defined by the top of the guideline range. But, now that the guidelines are merely advisory, a judge could, theoretically, impose a sentence equal to the maximum sentence allowed under the relevant federal criminal statute. Defendant argues that because his offense occurred pre-Booker, and because the Court's remedial decision in that case was unforeseeable, he did not have fair notice that his conduct could subject him to a sentence higher than the top of the guideline range. He therefore contends that retroactive application of the remedial provisions of Booker would violate the Due Process Clause and/or the Ex Post Facto Clause. The Ex Post Facto Clause, by its language, applies only to legislative acts. The principle of that Clause, however, has been applied to the judiciary through the "fair notice" requirement of the Fifth Amendment's Due Process Clause. See Rogers v. Tennessee, 532 U.S. 451 (2001); Bouie v. City of Columbia, 378 U.S. 347 (1964). In short, Defendant wants the benefit of the substantive law violation part of the Booker decision, but rejects the remedial part of the Booker decision that corrected the violation.

Basically, this same argument has been made in at least two other recent cases and rejected on both occasions. In United States v. Duncan, 400 F.3d 1297 (11th Cir. 2005), the

defendant was convicted of conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine. He was sentenced to life in prison. On appeal, Defendant argued that retroactive application of the remedial provisions in Booker increased the maximum sentence allowable and violated his due process rights. The Eleventh Circuit, however, found no due process violation. It held:

> At the time Duncan committed his offense, 1999-2002, the U.S. Code informed Duncan that if a jury convicted him of possessing at least 5 kilograms of cocaine powder, he was subject to a sentence of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(ii)(I). The Guidelines at the time also informed Duncan that a judge would engage in fact-finding to determine his sentence and could impose up to a sentence of life imprisonment. 18 U.S.C. § 3551 *et seq.* Duncan, therefore, had ample warning at the time he committed his crime that life imprisonment was a potential consequence of his actions.

Duncan, 400 F.3d at 1307. The Eleventh Circuit concluded that because the Code established the statutory maximum sentence, defendant's "due process rights cannot be said to have been violated." Id.

The United States District Court for the Southern District of West Virginia reached a similar conclusion in United States v. Gray, – F. Supp. 2d –, 2005 WL 613645 (S.D.W.Va. March 17, 2005). In that case, two defendants pled guilty to conspiracy to distribute cocaine base. They were each sentenced to 97 months in prison, followed by 3 years of supervised release. Like Mr. Duncan, they argued that retroactive application of the remedial provisions of Booker violated their due process rights. Citing the Eleventh Circuit opinion in Duncan, the district court rejected defendants' argument. It held:

> the defendants in the instant case had fair warning of the potential consequences of their conduct by virtue of the statutory maximums set by the United States Code. These code sections have long been referenced by the Sentencing Guidelines, judges, and presentence reports. Thus, the surprise that the defendants may have experienced when learning that the Guidelines were no longer a

> mandatory system is not analogous to the surprise experienced by the defendants in *Bouie* and *Marks,* who learned that their conduct, innocent when it was done, had become a crime after the fact. Accordingly, I found that the applicable United States Code provisions provided the defendants in this case with the requisite fair warning that their conduct was a crime punishable by up to 20 years imprisonment.

Gray, 2005 WL 613645 at *13.

In Mr. Lee's case, at the time of the criminal conduct in question, 18 U.S.C. § 1951(a) provided for a maximum sentence of 20 years for a defendant convicted of conspiracy to commit a Hobbs Act robbery, and 18 U.S.C. § 1001(a) provided for a maximum sentence of 5 years for a defendant convicted of knowingly making a materially false statement. Therefore, according to the reasoning set forth in Duncan and Gray, Mr. Lee had fair notice that his conduct could subject him to up to 25 years imprisonment.

In this Court's view, apart from the reasoning of the Duncan and Gray cases, there is no need for the Court to address Defendant's due process argument at this stage of the proceedings. His argument in the present case is based on his contention that the new system of sentencing creates a possibility that he will receive a harsher punishment for his pre-Booker conduct than he would have received under a system when the guideline imprisonment ranges were mandatorily applied. The new system, however, does not require that a sentence exceed the one that would have been imposed pre-Booker. It may be greater than a pre-Booker sentence or, indeed, it may be less than, or the same as, a pre-Booker sentence, depending on the weight to be given to the factors listed in 18 U.S.C. § 3553(a) which include, as one factor, the sentencing guidelines.

If the Court should decide that a reasonable sentence is the same or less than a pre-Booker guideline sentence, Defendant's due process rights would not be implicated. If the Court should decide that a reasonable sentence is greater than one that could have been imposed pre-

4

<u>Booker</u>, Defendant can place his objection on the record and perfect an appeal to the Sixth Circuit Court of Appeals based upon the argument set forth in his sentencing memorandum.

Date: April 14, 2005                         **/s/ John D. Holschuh**
                                                     John D. Holschuh, Judge
                                                     United States District Court