# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RYAN E. LEE, | CASE NO. 2:07-cv-1179 |
| | CRIMINAL NO. 2:02-cr-004 |
| Petitioner, | JUDGE HOLSCHUH |
| | MAGISTRATE JUDGE KEMP |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's response, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS AND PROCEDURAL HISTORY

The United States Court of Appeals for the Sixth Circuit summarized the facts and procedural history of this case as follows:

> On January 16, 1997, in Columbus, Ohio, Ryan Lee and two accomplices stopped an armored truck at gunpoint and stole $16,000 from the truck. After learning from news reports that his car was spotted leaving the scene of the crime, Lee left his accomplices, drove to the parking lot of an Odd Lots store and called 911. When the police arrived, Lee reported that he had been sitting in his car in a parking garage reviewing resumes when three masked men, two of them armed, ordered him into his trunk. The men eventually abandoned his car, Lee explained, after which he escaped from the trunk.

As more evidence came to light, the police began to suspect that Lee had taken part in the robbery. On January 10, 2001, Lee was indicted for the crime.

On April 12, 2002, a jury convicted Lee of conspiracy to commit robbery, *see* 18 U.S.C. §1951, convicted him of making a false statement to law-enforcement officers, *see id.* § 1001, and acquitted him of carrying a firearm during a crime of violence, *see id.* § 924. The verdict was short-lived, however. After determining that the government had suppressed material exculpatory evidence-methods of escaping from the kind of car Lee was driving (a Lexus)-the district court granted Lee's motion for a new trial.

Lee represented himself at the second trial with the assistance of standby counsel. During the trial, Lee cross-examined FBI Agent Harry Trombitas about Trombitas's testimony that he had called the Ohio Department of Youth Services to check Lee's claim that Lee had been planning to apply for a job position there. In doing so, Lee learned that Trombitas had spoken with someone at the Department who "knew who you [Lee] were," JA 287, a person whose name Lee had provided to Trombitas, *see* JA 289 (Trombitas trial testimony) ("I think you [Lee] gave me a name of someone that knew you over there."); *id.* (Lee questioning Trombitas) ("Didn't I give you the name of the person that I interviewed with.... Agent Trombitas?").

On November 24, 2003, the jury convicted Lee of conspiring to commit a bank robbery and making a false statement to federal officers, the same two counts on which he had been convicted before. One month later, Lee returned to the *Brady* well, arguing that he should receive a third trial because the government had suppressed evidence of "the name of an alibi witness employed at the Department of Youth Services." JA 99. The district court denied the motion, observing that "*Brady* is concerned only with cases in which the government possesses information which the defendant does not." D. Ct. Op. at 11 (quoting *Carter v. Bell,* 218 F.3d 581, 601 (6th Cir.2000)). "If, as indicated by Mr. Lee's questioning, ... he gave Agent Trombitas the name of the [Department] employee he saw on the morning of the robbery, that name was obviously known to

> Mr. Lee," defeating the suggestion that the government suppressed the information. *Id.* at 11-12.
>
> The court also reasoned that the evidence would not have been favorable to Lee. "[T]here is absolutely no evidence in the record to support Mr. Lee's claim that he went to [the Department] on the morning of January 16, 1997," and thus no alibi for this evidence to corroborate. *Id.* at 10. Even if there had been an alibi, the court observed, "there is no evidence that this individual could verify that Mr. Lee was at [the Department] on the morning of January 16, 1997." *Id.*
>
> Finally, the court concluded that Lee had not shown prejudice. Although "very strong evidence" established Lee's guilt, the court considered of even "greater importance" the fact that, "even if Mr. Lee did drop a resume at [the Department] on the morning of January 16, 1997-an act that would have taken no more than a few minutes of his time since the agency is located across from the parking garage-this would not provide Mr. Lee with a strong alibi for the conspiracy charge." *Id.* at 16.

*United States v. Lee,* 188 Fed.Appx. 425, unpublished, 2006 WL 2052918 (6th Cir. July 25, 2006). On April 14, 2005, the Court sentenced petitioner to 144 months imprisonment on Count 1 and 60 months on Count 3, such sentences to be served concurrently to each other and to "any other sentence to which the defendant is subject." *Sentencing Transcript*, at 49-50. On July 25, 2006, the United States Court of Appeals for the Sixth Circuit affirmed petitioner's convictions and sentence. *United States v. Lee, supra.*

On November 14, 2007, petitioner filed the instant *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. As his sole ground for relief, petitioner asserts as follows:

> Validity of sentence imposed, based upon multiple sentences, where one sentence has been discharged.

3

It is the position of the respondent that this claim is without merit.

**MERITS**

As his sole claim for federal habeas corpus relief, petitioner asserts that his sentence should be reduced because the District Court intended his 144 month sentence to run concurrently with his sentence of 12 months on his perjury conviction in Case Number 2:02-cr-024, but that sentence had already expired at the time the Court imposed sentence.

28 U.S.C. §2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. §2255(a).

> To prevail on a section 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States,* 165 F.3d 486, 488 (6th Cir.1999) (citing *Brecht v. Abrahamson,* 507 U.S. 619, 637-38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)). Meanwhile, to prevail on a section 2255 motion alleging non-constitutional error, the movant must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson,* 918 F.2d 627, 630 (6th Cir.1990) (citing *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

*Rhodes v. United States*, 443 F.Supp.2d 893, 896 (N.D. Ohio 2006). Title 28 U.S.C. 2255 has

no application to a request for a reduction of the original sentence imposed by this Court.

Further, the transcript of petitioner's sentencing hearing fails to support petitioner's argument that he is entitled to a sentence reduction, indicating in relevant part as follows:

> MR. MERKLE [Defense counsel]: [A]s the Court is aware, in the course of the period of time that Mr. Lee has been in custody, he was prosecuted in the perjury matter that arose out of a detention hearing connected to this case. I don't know whether the Court needs to give some sort of an indication as to how the sentence that he is serving or will serve in that goes with these sentences.
>
> COURT: What is the status of that, Mr. Kelley?
>
> MR. KELLEY: Your Honor, it is my belief... that Mr. Lee would receive credit not only for the sentence that he received in the perjury case, which I believe was 12 months, but also for his supervised release revocation which was four months and then, essentially, all of that time has been taken care of. From a point forward, the BOP would process how it is served, but that would be my elementary understanding. And I don't believe that there is a sentence existing currently for the Court to order concurrent or consecutive or with, given it is now three years and three months that he has been in custody, federal custody throughout that time.
>
> COURT: Well, the question is, is there any sentence that I could run concurrently?
>
> MR. KELLEY: ... Your Honor, no. I would think this sentence, if such a sentence still existed, would naturally run consecutively, I believe that they have already been served. I don't believe that there exists a sentence to make that determination....
>
> MR. MERKLE: I ... would ask if the Court's intention is that it be concurrent with the perjury sentence, that that be reflected in the entry and then we can deal with it on down the line, if that intention isn't honored.

\*\*

MR. KELLEY: Your Honor, it may be of some assistance that, I believe, the sentencing date of the perjury case was March of 2003, which would further support the idea that there is no longer a pending sentence for determination to be made, whether concurrent or consecutive. March 28 of 2003 he was sentenced to 12 months imprisonment.

COURT: But he was being held at that time in custody on this charge, was he not?

MR. KELLEY: Well, yes. This was the initial cause for him to be detained.

\*\*\*

MR. MERKLE: ... I am not clear that he has served that sentence yet. ... I want to make absolutely certain... that somehow he doesn't get credit here and then the BOP says, oh, by the way, you owe us another year for this perjury conviction.

MR. KELLEY: Your Honor, I think the best thing is for the Court to indicate its preference and whether the BOP would give deference to it, I don't know, but maybe the Court could offer its guidance.

COURT: Well, I think this, counsel, I think in view of the length of my sentence, which is 12 years, that I would run that sentence concurrent with any other sentence to which the defendant is subject. I don't know what more I might do.

\*\*\*

I think that I would have the discretion to run the sentence concurrent with any other sentence and that will be my intention to do that.

*Sentencing Transcript*, at 47-50. The judgment entry of sentence indicates that the Court

sentenced petitioner as follows:

> 144 Months on Count 1 and 60 Months on Count 3, said sentences to run concurrently with each other and concurrently with the sentence imposed by this Court in Case No. 2:02-CR-024.

Doc. No. 133. However, the parties indicate that petitioner had already completed his sentence in Case No. 2:02-CR-024 at the time he was sentenced in this case. Therefore, it does not appear that petitioner was required to serve his sentences consecutively, or in a manner that conflicted with petitioner's judgment entry of sentence.

Under 18 U.S.C.A. §3585(b), petitioner would be provided jail time credit as follows:

> Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. §3585(b).[1] In short, the record fails to reflect any basis for §2255 relief.

---

[1] 18 U.S.C. §5G1.3 provides:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

7

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those

---

(b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge