IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RYAN E. LEE,                              CASE NO. 2:07-cv-1179
                                          CRIMINAL NO. 2:02-cr-004
          Petitioner,                     JUDGE HOLSCHUH
                                          MAGISTRATE JUDGE KEMP
v.

UNITED STATES OF AMERICA,

          Respondent.


OPINION AND ORDER

On March 4, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. The Court had adopted that *Report and Recommendation* on April 2, 2009, but later vacated that order in light of the fact that Petitioner had submitted his objections in a timely fashion. Now, after fully considering the objections and conducting a *de novo* review of the issues, the Court **OVERRULES** the objections and **ADOPTS** the Magistrate Judge's *Report and Recommendation*.

In his objections, Petitioner now asserts that he was denied the effective assistance of counsel because his attorney failed to obtain a shorter sentence by requesting that the Court depart downward to offset the twelve months petitioner had already served on his perjury conviction. Petitioner further alleges that he was misadvised by his attorney regarding the impact of his perjury conviction on his sentence. He contends that the Court should liberally construe his §2255 motion to have raised such a claim of ineffective

assistance of counsel.  *See Objections*.

The Court is not persuaded by petitioner's argument. In his petition filed on November 14, 2007, Petitioner argued only that his sentence should be reduced because the Court intended his 144 months of imprisonment, imposed on Counts One and Three (the longer sentence was actually imposed on Court One and a shorter, 60 month sentence on Count Three was run concurrently with the sentence on Count One) to run concurrently with his 12 months sentence on his perjury conviction in Case Number 2:02-cr-024. Petitioner did not raise any issue of ineffective assistance of counsel. *See Petition*, Doc. No. 156. "[W]hile *pro se* complaints are to be construed liberally, *Haines v. Kerner,* 404 U.S. 519, 520 (1972)), that liberality does not allow a court to conjure up unpled facts." *Patterson v. Metro General Hospital Authority*, 2008 WL 4791529 (M.D. Tenn. October 29, 2008), citing *McFadden v. Lucas,* 713 F.2d 143, 147 n. 4 (5th Cir.1983); *Slotnick v. Staviskey,* 560 F.2d 31, 33 (1st Cir.1977).  Petitioner may now no longer amend his petition to raise such a claim.

Further, even if the Court were to consider such a claim, it is totally lacking in merit. At the sentencing hearing, it was not clear whether Petitioner had already completed the 12-month sentence on his perjury conviction.  The Court stated that if any time remained on that sentence, the sentence imposed in this case would run concurrently with that remaining time.  However, the Court never expressed an intention to *reduce* the total amount of time served in this case by any time remaining on the perjury sentence, which is what Petitioner now claims.  As it turned out, his other sentence was completed before the Court sentenced him in this case, so he is serving exactly the prison term which the

Court intended. No argument by his counsel would have changed that result. Further, his suggestion that counsel improperly delayed the sentencing hearing until after the United States Supreme Court issued its decision in *Booker v. United States*, 543 U.S. 220 (2005), also lacks merit. That case is a landmark sentencing decision, and it would have been reasonable for defense counsel to delay a sentencing in order to assess the impact of that case on sentencing proceedings. Petitioner's claim that counsel then made only a half-hearted attempt to obtain a downward departure, once *Booker* was decided, is not supported by the record.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*. For the reasons discussed therein, and for the foregoing reasons, petitioner's objections (#172) are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

Date: April 28, 2009

/s/ **John D. Holschuh**
JOHN D. HOLSCHUH
United States District Judge